OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\*   \*   \*   \*   \*   \*

QUESTION PROPOUNDED BY THE SENATE IN AN ORDER

DATED MAY 18, 1955

ANSWERED MAY 20, 1955

---

SENATE ORDER PROPOUNDING QUESTION

## STATE OF MAINE

In Senate, May 18, 1955

WHEREAS, it appears to the Senate of the Ninety-Seventh Legislature that the following is an important question of law and the occasion a solemn one, and

WHEREAS, there is pending before the Senate of the Ninety-Seventh Legislature a Bill (Senate Paper 551, Legislative Document 1489) entitled, AN ACT Relating to the Hospitalization of the Mentally Ill, and

WHEREAS, the Honorable Justices of the Supreme Judicial Court, under date of May 11, 1955, have given their opinion to the House of Representatives of the Ninety-Seventh Legislature that said Bill, as written, does not provide a method of hospitalizing the mentally ill that is in accord with Section 6 of Article I of the Constitution of Maine, and

WHEREAS, it is the desire of the Ninety-Seventh Legislature to enact legislation that will facilitate the orderly hospitalization of the mentally ill within the protection afforded to all citizens by the Constitution of the State of Maine, and

WHEREAS, the Senate has accepted Senate Amendment "A" to Senate Paper 551, Legislative Document 1489, which is Exhibit A attached hereto, to provide the hospitalized patient an immediate method of instituting proceedings within the period of restraint to test the necessity of the involuntary hospitalization, and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of the proposed Bill, as amended,

ORDERED, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give the Senate their opinion on the following question:

Would Senate Paper 551, Legislative Document 1489, "AN ACT Relating to the Hospitalization of the Mentally Ill," as amended by Senate Amendment "A", if enacted by the Legislature in its present form, be constitutional?

In Senate Chamber
May 18, 1955
READ AND PASSED

CHESTER T. WINSLOW,
Secretary.

Reid
Kennebec

A true copy. Attest: CHESTER T. WINSLOW

NEW DRAFT OF S. P. 480—L. D. 1349

NINETY-SEVENTH LEGISLATURE

Legislative Document                                    No. 1489

S. P. 551                        In Senate, April 22, 1955

Reported by Senator Reid of Kennebec from the Committee on Judiciary and printed under Joint Rules No. 10.

CHESTER T. WINSLOW, Secretary

## STATE OF MAINE

### IN THE YEAR OF OUR LORD NINETEEN HUNDRED FIFTY-FIVE

**AN ACT Relating to Hospitalization of the Mentally Ill.**

Be it enacted by the People of the State of Maine,
    as follows:

**Sec. 1.   R. S., c. 27, §§ 103-A - 103-F, additional.** Chapter 27 of the revised statutes is hereby amended by adding thereto 6 new sections to be numbered 103-A to 103-F, to read as follows:

'**Sec. 103-A.   Hospitalization; emergency procedure.** When any blood relative, husband or wife, or any municipal or state police officer, or sheriff or justice of the peace has reason to believe that a person is mentally ill and requires emergency hospitalization, he shall immediately sign a petition so stating addressed to the superintendent of the Augusta State Hospital or the superintendent of the Bangor State Hospital or to the Veterans Administration or other agency of the United States Government, requesting immediate admission and acceptance of said alleged mentally ill person into his hospital for the purpose of observation and treatment. Said petition shall be immediately presented to the city or town clerk or to a member of the city council or member of the board of selectmen in the town where the alleged mentally ill person resides or is found, and upon receipt of said petition said municipal official shall promptly inquire into the facts set forth in said petition and if he is satisfied that the said person requires immediate admission to one of the said State or Federal mental hospitals, he shall so state on the said petition and join therein by affixing his signature. The petition shall be accompanied by a certificate signed by a physician qualified to practice medicine or osteopathy in this State, stating that he has examined the said

person within the previous 5 days or that the person has refused to submit to examination, and that in his opinion the said person is mentally ill and, because of his illness is likely to injure himself or others if not immediately restrained, and giving the reasons for his opinion. Following the signing of the petition and the certificate as aforesaid, the municipal official shall forthwith order the alleged mentally ill person to be taken to such State hospital as he may properly designate or, upon receipt of a certificate from the Veterans Administration or other agency of the United States Government showing that facilities are available and that such person is eligible for care and treatment therein, to said Veterans Administration or other agency, and at the expense of the town or city. The said person shall be accompanied by true copies of the petition and the physician's certificate together with a statement of facts satisfactory to the Department in regard to the financial ability of such patient or any of his relatives legally liable for his support. Any petition or physician's certificate bearing a date more than 10 days prior to the date of arrival of the said petition at the hospital for admission shall be void and no physician's certificate shall be valid or accepted if signed by a physician employed by the hospital for the mentally ill to which said person is admitted. No feeble-minded person shall be accepted by any State hospital for the mentally ill.

Sec. 103-B. Preliminary observation; emergency procedure. The superintendent or head of the hospital to which the alleged mentally ill person is sent or his duly appointed substitute shall receive and detain such person for observation and treatment for a period of not more than 35 days, provided that such person is accompanied by the said petition and certificate. Prior to the expiration of 25 days of the observation period the superintendent, head of the hospital or his duly appointed substitute may request in a petition addressed to the probate court situated in the county

in which is located the mental hospital in which the said person is being detained, that the court decide that the said person requires hospitalization for an indefinite period. If the superintendent, head of the mental hospital or his duly appointed substitute shall find that the alleged mentally ill person is not in need of further care and treatment and should be discharged as soon as practicable, he shall so state in a certificate, a true copy of which shall be sent to the municipal official who joined in the original petition for emergency hospitalization. A true copy may also be sent to a spouse, relative or other person if it is so deemed proper and advisable. Attached to the true copy sent to the municipal official, the superintendent, head of the mental hospital or his duly appointed substitute, may send an order requiring the municipality to transport the said person from the hospital to the municipality. This order shall be enforceable by mandamus.

Sec. 103-C. Hearing in probate court following emergency detention. The petition for involuntary hospitalization in the foregoing section shall state that the alleged mentally ill person is being detained in the mental hospital for observation and treatment and that the said person has designated certain relatives or husband or wife or other person to receive notice of hearing, that in the opinion of the undersigned, the appearance of the said person at the hearing would or would not be detrimental to the mental health of the said person, and that in the opinion of the undersigned, the said person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient insight or capacity to make responsible decisions with respect to his hospitalization. The said petition shall be prima facie evidence of the facts stated therein. Upon receipt of the said petition, the judge of probate in the county in which is lo-

cated the hospital in which the said person is being detained shall immediately appoint a time and place for hearing. The judge of probate shall cause to be given in hand to the person so alleged to be mentally ill, at least 48 hours prior to the time appointed for hearing, a notice stating the time and place and purpose of the said hearing, and that the person has a right to be present and to be heard at the hearing, and to be represented by counsel if he so desires. A copy of the petition and notice of the time, place and purpose of the hearing shall be sent by registered mail to both the municipal official and the person signing the petition requesting emergency detention.

Sec. 103-D. Probate court proceedings. The hearing may be conducted in as informal a manner as may be consistent with orderly procedure and in a physical setting not likely to have a harmful effect on the mental health of the proposed patient. The court shall receive all relevant and material evidence which may be offered and shall not be bound by the rules of evidence. The court shall have the authority to summon such witnesses as shall be necesary for a full understanding of the case. If the judge of probate is satisfied that the condition of the person is such that his appearance at said hearing would be harmful to his mental health, then he shall not be required to be present. An opportunity to be represented by counsel shall be afforded to every person alleged to be mentally ill and if neither he nor others provide counsel, the court shall appoint counsel. The testimony of 2 reputable physicians shall be required for a person to be declared to be mentally ill. If upon completion of the hearing and consideration of the evidence, the court finds that the person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient capacity or insight to make responsible decisions with re-

pect to his hospitalization, it shall order him to be placed, for care and treatment, for an indeterminate period, in the custody of the superintendent of said State hospital or in the custody of the Veterans Administration or other agency of the United States Government and shall direct the superintendent or the Veterans Administration or other agency of the United States Government to receive and detain him until he no longer has need for treatment or is discharged by law or by the superintendent, or Veterans Administration or other agency of the United States Government.

Sec. 103-E.   Jurisdiction of probate courts and municipal officers; standard procedure.   The probate court in the county where a person resides or may be found, or the municipal officers of the municipality where a person resides or may be found, or a committee of not less than 3 thereof, shall have jurisdiction to order a person to be hospitalized for an indeterminate period where it shall be found that the person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient insight or capacity to make responsible decisions with respect to his hospitalization.   Proceedings may be commenced by the filing of a petition for hearing by a blood relative, husband or wife, municipal or state police officer, sheriff, justice of the peace, superintendent, head of a mental hospital or his duly appointed substitute, in which such mentally ill person may be, with the probate court or municipal officers, stating that a person is mentally ill and requesting care and treatment for an indeterminate period.   The petition shall be accompanied by a certificate signed by a reputable physician stating that he has examined the person within the previous 5 days or that the person has refused to submit to examination and that in his opinion the person is mentally ill and requires care and treatment in a mental hospital.   Upon receipt of the

petition and certificate, which shall not have been dated more than 10 days prior to receipt, the probate court or the municipal officers shall immediately appoint a time and place for hearing, and shall cause to be given in hand to the person alleged to be mentally ill at least 48 hours prior to the time appointed for hearing a notice stating the time and place and purpose of the hearing and that the person has a right to be present and to be heard at the hearing, and to be represented by counsel, if he so desires. A true copy of this notice shall be sent by registered mail to the person signing the petition.

Sec. 103-F. Procedure before probate court or municipal officers. The hearing before the probate court or municipal officers shall be as in the case of hearings before the probate court following emergency detention as provided in sections 103-C and 103-D. If the person alleged to be mentally ill refuses to submit to examination by 2 physicians, then the court or the municipal officers shall so order him.

If upon completion of the hearing and consideration of the evidence, the probate court or the municipal officers find that the person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient capacity or insight to make responsible decisions with respect to hopitalization, the court or municipal officers shall forthwith order the alleged mentally ill person to be taken to such State hospital as it or they may properly designate or, upon receipt of a certificate from the Veterans Administration or other agency of the United States Government showing that facilities are available and that such person is eligible for care and treatment therein, to said Veterans Administration or other agency and at the expense of the municipality in which he resided or was found.

The court or the municipal officers shall direct the superintendent of said State hospital, or the Veterans Administration, or other agency of the United States Government to receive and detain him until he no longer has need for treatment or is discharged by law, or by the superintendent, or Veterans Administration or other agency of the United States Government. He shall be accompanied by a true copy of the order of the probate court or municipal officers and, where ordered to be taken to a State hospital, a statement of facts satisfactory to the Department in regard to the financial ability of such patient or any of his relatives legally liable for his support, and, wherever ordered to be taken, a brief report of any facts regarding the behavior of the person which would be of value to the hospital in treating him.

The municipal officers of a town or city are hereby constituted a court of record when acting pursuant to the provisions of this section.'

Sec. 2. R. S., c. 27, §§ 104-113, repealed. Section 104 to 113, inclusive, of chapter 27 of the revised statutes are hereby repealed.

SENATE AMENDMENT "A" to S. P. 551, L. D. 1489, Bill, "An Act Relating to Hospitalization of the Mentally Ill."

Amend said Bill by striking out all of the amending clause of section 1 and inserting in place thereof the following:

'Sec. 1. R. S., c. 27, §§ 103-A - 103-H additional. Chapter 27 of the revised statutes is hereby amended by adding thereto 8 new sections to be numbered 103-A to 103-H, to read as follows:

Further amend said Bill by renumbering those parts designated "Sec. 103-E" and "Sec. 103-F" to be 'Sec. 103-G' and 'Sec. 103-H'

Further amend said Bill by inserting after Sec. 103-D thereof, the following underlined sections:

'Sec. 103-E. Right to release: application for judicial determination. Any patient hospitalized under the provisions of section 103-A who requests to be released or whose release is requested by his legal guardian, spouse, adult next of kin or friend, in writing addressed to the superintendent of the hospital in which the patient is detained, shall be released within 48 hours after receipt of the request, except that upon application to the judge of probate in the county where the hospital is located, supported by a certification by the superintendent of the hospital that in his opinion such release would be unsafe for the patient or for others, release may be postponed for such period not to exceed 5 days as the judge of probate may determine to be necessary for the commencement of proceedings for a judicial determination pursuant to sections 103-B to 103-D.

The superintendent of the hospital shall provide reasonable means and arrangements for informing involuntary patients of their right to release as provided in this section and for assisting them in making and presenting requests for release. The provisions of this section shall not be available to a patient who has been duly committed by a court or the municipal officers of a town or city.

Sec. 103-F. Detention pending judicial determination. Notwithstanding any other provision of sections 103-A to 103-H, inclusive, no patient with respect to whom proceedings for judicial hospitalization have been commenced shall be released or discharged from a mental hospital during the pendency of such proceedings unless ordered by the judge of probate in the county where the hospital is located upon the application of the patient, or his legal guardian, parent, spouse, adult next of kin or friend, or upon the report of the head of the hospital that the patient may be discharged with safety.'

Further amend said Bill by adding at the end thereof a new section 3, as follows:

"**Sec. 3. R. S., c. 27, § 134, repealed and replaced.** Section 134 of chapter 27 of the revised statutes is hereby repealed and the following enacted in place thereof:

'**Sec. 134. Inquiry into cases of alleged unreasonable detention.** Any person adjudged insane and committed to either state hospital, or his legal guardian, spouse, adult next of kin or friend, thinking that the patient is unreasonably detained, may apply in writing to any Justice of the Superior Court, in term time or vacation, who shall inquire into the case and summon before him such witnesses as in his judgment may be necessary, and upon such application may vacate such commitment, and if such person was committed under a sentence following conviction for crime and the sentence has not expired, remand him to the proper custody; and if the original sentence has expired, discharge such person. He shall tax costs and shall decide whether they shall be borne by the petitioner or by the State.' "

Name: Reid.

County: Kennebec.

In Senate Chamber
May 18, 1955

READ AND ADOPTED

CHESTER T. WINSLOW,
Secretary.

ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, the undersigned Justices of the Supreme Judicial Court, having considered the ques-

tion submitted by the foregoing Order of the Senate, answer as follows:

The issue here presented is whether or not proposed Senate Amendment "A" to Senate Paper 551, Legislative Document 1489, provides adequate methods by which persons committed as mentally ill under the so-called "Emergency Procedure" therein provided may institute proceedings within the period of restraint to test the necessity of their commitment.

Senate Amendment "A" does in fact provide two prompt and effective methods, by either of which such proceedings may be instituted by the person alleged to be mentally ill or persons acting in his interest. We deem that thereby the constitutional rights of citizens are adequately protected. Accordingly, we answer the submitted question in the affirmative.

Dated at Augusta, Maine, this 20th day of May, 1955.

Respectfully submitted:

RAYMOND FELLOWS
ROBERT B. WILLIAMSON
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.

Justice Frank A. Tirrell authorizes the statement that he concurs in the foregoing answer.

RAYMOND FELLOWS